**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Language Technologies Incorporated,

Plaintiff,

v.

Microsoft Corporation,

Defendant.

No. CV-23-00520-TUC-RCC

**ORDER**

Pending before the Court is Defendant Microsoft Corporation's Motion to Stay Discovery and for Reconsideration.[1] (Doc. 84.) Microsoft asks the Court to reconsider its March 31, 2025 Order denying Microsoft's Motion to Dismiss the First Amended Complaint ("FAC"). (*Id.*) There, the Court found that Plaintiff Language Technologies Incorporated's ("LTI") claims are patent eligible under 35 U.S.C. § 101 as interpreted by *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014) because they are not directed to an abstract concept.[2] (Doc. 42.) Microsoft also requests a stay of

[1] Also pending is the parties' Joint Motion to Set *Markman* Hearing. (Doc. 87.)

[2] The Court incorporates by reference its prior recitation of the law on patent eligibility as outlined in its March 31, 2025 Order. (Doc. 42.) For context, at *Alice* step one, courts determine whether the claims are directed to an abstract idea or instead to a specific improvement in computer functionality or another technological process. *Alice*, 573 U.S. at 216–18; *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016). Generally speaking, claims directed to methods that can be performed in the human mind are abstract mental processes. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371–73 (Fed. Cir. 2011). So too are claims focused on collecting and analyzing information without a claimed technological improvement in the manner of collection or analysis. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016).

discovery until a final determination is made on patent eligibility. (Doc. 84.)

Although LTI filed a response regarding discovery, it did not file a written response on reconsideration because the Court did not order one under LRCiv 7.2(g). (Doc. 89.) The parties nevertheless presented their respective arguments regarding reconsideration and the requested stay at a status hearing held on May 12, 2026. (Doc. 114 at 44–68.)

For the following reasons, the Court will grant Microsoft's Motion to Stay and for Reconsideration and allow the parties to file supplemental briefs.

## I. Brief Background

LTI alleges that Microsoft infringes U.S. Patent Nos. 7,069,508 ("the '508 Patent") and 7,346,489 ("the '489 Patent") (collectively "the Patents"). The Patents generally concern methods for identifying phrase boundaries in text. (Doc. 24 at 2–3.)

On Microsoft's first Motion to Dismiss, the Court concluded that the then-pleaded claims were directed to the abstract concept of using key words and punctuation to define and identify phrases. (*Id.* at 11.) Because the Complaint did not further define "key words," the Court understood the term to mean "well-established vocabulary in the English language" that humans use when reading and writing. (*Id.*) The Court, therefore, found the Patents were not patent eligible at *Alice* step one and dismissed the Complaint with leave to amend. (*Id.* at 11–12.)

LTI thereafter filed its FAC. (Doc. 26.) The FAC alleged that the relevant library of "key words" consisted of articles and function words that identify likely phrase boundaries where punctuation is absent. (*Id.*) It further defined "key words" as "prepositions, pronouns, auxiliary verbs, conjunctions, grammatical articles or particles," which it described as closed-class words. (*Id.*) The FAC distinguished those words from open-ended, well-established English vocabulary and alleged that the claimed method used an objective, computer-implemented process rather than the subjective process through which a human reader identifies phrases. (*Id.*)

This time, the Court denied Microsoft's Motion to Dismiss. (Doc. 42.) It explained that the FAC alleged "a specific and defined library of key words and punctuation" used to

identify phrases rather than the entire library of the English language. (*Id.* at 2.) Thus, the Court concluded that LTI had plausibly alleged that the Patents were not directed to abstract subject matter. (*Id.* at 9–10.) Having so ruled at *Alice* step one, the Court did not reach *Alice* step two (i.e., inventiveness). (*Id.* at 10.)

On October 9, 2025, LTI filed its opening claim construction brief. (Doc. 75.) LTI asserted that "key words" are context-dependent stating, "a key word in one context is not necessarily a key word in another context." (*Id.* at 15.) LTI further argued that a person of ordinary skill in the art would understand "key words" to refer to words that tend to occur at the beginning or end of a phrase, and that "[w]hether such words are function words only, articles only, a combination thereof, or based on other criteria are a design choice of the person implementing the invention." (*Id.*) LTI also explained that the specification permits key words to include "function words, as well as articles, *as well as other words that could indicate the presence of a phrase break*." (*Id.* at 17 (emphasis added).)

Based on the claim construction briefing, Microsoft moved for reconsideration on January 23, 2026. (Doc. 84.) Microsoft argues that LTI's claim construction position abandons the finite, objective, closed library of words upon which the Court relied in denying the renewed Motion to Dismiss. (*Id.*) Microsoft contends that, under LTI's later position, any word may constitute a "key word" depending on context and the implementer's design choice. (*Id.*) Microsoft argues that this returns the asserted claims to the abstract mental process identified in the Court's first dismissal order: using well-known English vocabulary and punctuation to identify phrases in text. (*Id.*)

At the status hearing on May 12, 2026, LTI argued that its claim construction position does not contradict its FAC because the FAC referred to articles and function words as a particular embodiment or example rather than an exclusive limitation. (Doc. 114 at 55–63.) It further argued that its claim construction arguments are not "evidence" and that the Court's prior ruling did not depend on a construction limiting key words solely to articles and function words. (*Id.*) LTI also argued that *Alice* step-two factual issues would independently preclude dismissal on the pleadings. (*Id.* at 58–60.)

**II. Motion is Timely**

As a threshold matter, LTI argues that Microsoft's Motion to Stay Discovery and for Reconsideration is untimely. (Doc. 89 at 5.) "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). "Good cause" concerns a party's diligence in filing the motion. *See, e.g.*, *Sanders v. Trinity Servs. Grp., Inc.*, CV1801471PHXJATDMF, 2021 WL 568342, at *2 (D. Ariz. Feb, 16, 2021) (citing *Johnson v. Mammoth Recreation*, *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). When "[n]o extra diligence would have allowed [a plaintiff] to bring [new information] to this Court's attention before it was issued, and [plaintiff] has therefore shown good cause for delay," the Court may grant the motion. *See Mix v. Asurion Ins. Servs. Inc.*, No. 14-cv-02357, 2017 WL 131566, at *1 (D. Ariz. Jan. 13, 2017).

Microsoft moved for reconsideration long after the Court's March 31, 2025 Order. However, the motion is based on the expanded definition of "key words" that LTI articulated in its opening claim construction brief filed on October 9, 2025. (*See* Docs. 75, 84.) And the parties' claim construction briefing was not complete until January 16, 2026. (Docs. 76, 80, 82.) Within the month, on January 23, 2026, Microsoft filed its Motion for Reconsideration. (Doc. 84.) No additional diligence would have allowed Microsoft to seek reconsideration sooner based on statements that were made during claim construction. Therefore, the motion is timely.

**III. Staying Discovery**

"It is well established that a court has inherent power to control its docket and may stay discovery . . . ." *Dobson v. C R Bard Inc.*, No. 23-cv-00618, 2024 WL 6841389 at *1 (D. Ariz. May 29, 2024) (citations omitted). A court may stay discovery "pending rulings on dispositive or potentially dispositive motions" for "efficiency for itself and the litigants." *Id.* (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

While the Ninth Circuit has yet to articulate a clear standard for staying discovery, most district courts in this circuit use a two-part test. *Id.* "Under this test, the pending

motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. The court must also determine whether the motion can be decided without additional discovery. If the moving party satisfies both prongs, a stay may issue. Otherwise, discovery should proceed." *Id.* (quoting *DRK Photo v. McGraw Hill Companies, Inc.*, CV 12-8093-PCT-PGR, 2012 WL 5936681, at *1 (D. Ariz. Nov. 27, 2012)).

The Court finds that the claim construction briefing and Microsoft's subsequent Motion for Reconsideration revive the patent eligibility issue and are thus dispositive of this case. In other words, if Microsoft succeeds at both stages of *Alice*, all of LTI's claims would be dismissed. The Motion for Reconsideration is therefore dispositive in substance even though it asks the Court to revisit an interlocutory order. The decisive question is the effect of the issue presented—not the caption of the procedural vehicle.

Moreover, there is no additional discovery necessary to reconsider the Court's March 31, 2025 Order on dismissal. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (the court may decide patent eligibility at the pleading stage). The Court will, therefore, stay discovery pending its final decision on patent eligibility.

## IV. Reconsideration

A district court has inherent authority to reconsider an interlocutory order before entry of final judgment. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is an extraordinary remedy and should not be used to relitigate matters already decided or to present arguments that could reasonably have been raised earlier. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Nonetheless, reconsideration is appropriate where (1) the Court is presented with newly discovered evidence or new facts, (2) the Court committed clear error or the prior decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule of Civil Procedure 7.2(g)(1) similarly provides that a motion for reconsideration

must establish a "manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

**A. New Material Facts and *Alice* Step One Renewed**

The Court finds that LTI's later claim construction representations constitute new material facts for purposes of reconsideration. The Court does not treat the claim construction brief as evidence offered to prove the truth of technical propositions outside the pleadings. Rather, the Court considers LTI's court-filed litigation position as a new and material representation concerning the scope and operation of the claimed "key words" limitation. *See Reyn's Pasta Bella, LLC v. Visa USA*, *Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take judicial notice of filings in the same litigation). "Key words" is the very limitation central to the Court's prior § 101 analysis on abstractness. In denying dismissal, the Court relied on the FAC's characterization of key words as a specific, defined library of closed-class words and as part of an objective process. (*See* Doc. 42 at 2–3, 9–10.)

The claim construction brief advances a materially broader understanding. LTI expanded "key words" by saying that what a key word was depended upon the context, and key words could include function words and articles "*as well as other words that could indicate the presence of a phrase break*." (Doc. 75 at 17 (emphasis added).) LTI further represented that whether the relevant words are function words only, articles only, a combination of those, or words selected based on other criteria is a "*design choice* of the *person* implementing the invention." (*Id.* at 15 (emphasis added).) This makes it less likely that the claimed process replaces subjective human phrase identification with an objective computerized process.

There remains a point of overlap between the FAC and LTI's later position: both reject the proposition that every item of English vocabulary necessarily constitutes a key word that indicates a phrase boundary. But the differences are dispositively significant for the Court's prior *Alice* step-one analysis. LTI's later position allows the person

implementing the invention to select criteria and allows the pertinent set of key words to change with context, including potentially beyond articles and function words. That later characterization does not support the claimed objective and bounded library on which the Court relied in its March 31, 2025 Order.

LTI is correct that the March 31, 2025 Order did not formally construe "key words" as exclusively limited to articles and function words. Nor does the Court do so here. The question is not whether LTI previously adopted a formal, exclusive construction. The question is whether LTI's later characterization materially undermines the factual premise that supported the Court's prior conclusion that the claims were not directed to an abstract idea. It does.

Therefore, upon reconsideration, the Court concludes that the asserted claims are directed to the abstract idea of identifying phrase boundaries in text by evaluating well-known English vocabulary and punctuation, which is a form of linguistic evaluation that humans may undertake while reading, writing, or editing text. This is substantially the same abstract concept the Court previously identified and upon which the Court initially dismissed LTI's claims. (Doc. 24.) Accordingly, the Court reverses the conclusion regarding abstractness in its March 31, 2025 Order.

**B. *Alice* Step Two and Supplemental Briefing**

As the Court previously outlined, a step-one finding does not end the § 101 inquiry. At *Alice* step two, the Court must consider the elements of each claim, both individually and as an ordered combination, to determine whether they contain an inventive concept sufficient to transform the abstract idea into a patent-eligible application. *Alice*, 573 U.S. at 217–18, 221. The inquiry asks whether the claim elements amount to more than well-understood, routine, and conventional activity previously known to the industry. *Id.* at 225; *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72–73, 79–80 (2012).

The Court did not reach *Alice* step two in either of its prior dismissal analyses because it concluded that the FAC plausibly alleged non-abstractness at step one. (*See* Doc. 42 at 10.) The Court will, therefore, permit the parties to file supplemental briefing on the

issue of inventiveness. The parties shall not argue indefiniteness or claim construction generally in those briefs absent leave of the Court. The Court will address the pending issue of indefiniteness separately.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Microsoft's Motion to Stay Discovery and for Reconsideration is **GRANTED**. (Doc. 84.)

**IT IS FURTHER ORDERED** that all merits discovery is **STAYED** pending further order of the Court. The stay does not alter either party's duty to preserve potentially relevant evidence or comply with existing confidentiality and other obligations.

**IT IS FURTHER ORDERED** that, upon reconsideration, the Court **REVERSES** the conclusion in its March 31, 2025 Order (Doc. 42) that the asserted claims are not directed to abstract subject matter. The Court finds that the asserted claims are directed to an abstract idea at *Alice* step one. The Court reserves ruling on whether the asserted claims contain an inventive concept under *Alice* step two and therefore reserves ruling on the ultimate disposition of dismissal under 35 U.S.C. § 101.

**IT IS FURTHER ORDERED** that LTI may file a supplemental brief, not to exceed **15** pages, addressing only *Alice* step two within **30** days of the date of this Order. Microsoft may file a responsive supplemental brief, not to exceed **15** pages, within **30** days after service of LTI's brief. LTI may file a reply, not to exceed **8** pages, within **21** days after service of Microsoft's response.

**IT IS FURTHER ORDERED** that the Parties' Joint Motion for *Markman* Hearing is **DENIED WITHOUT PREJUDICE** pending the Court's final decision on patent eligibility. (Doc. 87.)

Dated this 30th day of September, 2026.

Honorable Raner C. Collins
Senior United States District Judge